IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| PETER KEOHANE, : | |
| : | |
| Plaintiff, : | |
| : | |
| v.      : | CIVIL ACTION NO. |
| : | 1:06-CV-0034-RWS |
| DAVID B. KEENE; and THE : | |
| MEDICAL MANAGEMENT : | |
| INSTITUTE, INC., : | |
| : | |
| Defendants. : | |

## ORDER

Now before the Court are Plaintiff's Motion to Disqualify Counsel Due to Conflict of Interest [12]; and Plaintiff's Motion for Judgment on the Pleadings [6]. After considering the entire record, the Court enters the following Order.

## Background

Plaintiff, proceeding *pro se*, brought this ERISA action against his former employer, Medical Management Institute, Inc. ("MMI"), and David B. Keene, an owner, officer and director of Defendant MMI. Plaintiff alleges, and Defendants admit, that Plaintiff's years in service–and thus, the percentage of Plaintiff's

AO 72A
(Rev.8/82)

retirement account which was vested–were miscalculated, and that this miscalculation resulted in the underpayment of benefits due Plaintiff in the amount of $3,580.44.[1]  Plaintiff seeks recovery for breach of fiduciary duty pursuant to 29 U.S.C. §§ 1104, 1109, and under O.C.G.A. § 51-10-6, which provides for the recovery of damages by the "owner of personal property" against "any person who willfully damages the owner's personal property or who commits a theft" as defined by Georgia law, and requests damages in the amount of $3,580.44, punitive damages in the amount of $40,000, and all costs and fees.

Plaintiff has filed two motions which are currently pending before the Court.  In these motions, Plaintiff seeks the disqualification of Mr. Crecelius, who represents both Defendants in this action, as well as the entry of judgment on the pleadings.  Defendants oppose both motions.  For the reasons that follow, Plaintiff's motions are denied.

## Discussion

---

[1] Defendants repeatedly acknowledge the error in calculating the percentage of Plaintiff's vested interest and represent that all funds due Plaintiff were made available to him on January 13, 2006, prior to their receiving notice of the institution of this action. (See Defs.' Resp. to Pl.'s Mot. for J. on the Pleadings [8] at 3.)

**I.     Motion to Disqualify Defense Counsel**

Plaintiff contends that because both Defendants admit that they are plan fiduciaries, the potential that they may raise conflicting defenses precludes a single attorney from simultaneously representing both Defendants.  (See Mem. in Supp. of Mot. to Disqualify [12-2] at 3-7.)  Based on this potential conflict of interest, Plaintiff seeks to disqualify Mr. Crecelius from representing both Defendants in this action.  For the reasons that follow, the Court disagrees and declines to disqualify defense counsel in this case.

As a general matter, motions to disqualify opposing counsel are disfavored.  E.g., Bangkok Crafts Corp. v. Capitolo di San Pietro in Vaticano, 376 F. Supp. 2d 426, 428 (S.D.N.Y. 2005);  Concat LP v. Unilever, PLC, 350 F. Supp. 2d 796, 814 (N.D. Cal. 2004) ("Because disqualification is a drastic measure, it is generally disfavored and should only be imposed when absolutely necessary."); Jordan v. Philadelphia Hous. Auth., 337 F. Supp. 2d 666, 678 (E.D. Pa. 2004) ("Disqualification is a harsh measure, and therefore, motions to disqualify opposing counsel generally are not favored." (internal quotations omitted)); Elonex I.P. Holdings, Ltd. v. Apple Computer, Inc., 142 F. Supp. 2d 579, 581 (D. Del. 2001) ("[M]otions to disqualify are generally disfavored.");

3

United States v. Brothers, 856 F. Supp. 370, 375 (M.D. Tenn. 1992) ("Motions to disqualify opposing counsel are disfavored [as d]isqualification has a serious and immediate adverse effect by denying the client his choice of counsel." (internal quotations omitted)); Mitts & Merrill, Inc. v. Shred Pax Corp., 112 F.R.D. 349, 353 (N.D. Ill. 1986) ("[M]otions to disqualify chosen trial counsel are not favored."). The rationale for this rule is strong: motions to disqualify are often tactically motivated, deprive a litigant of his right to freely choose his counsel, cause needless delay, and are otherwise disruptive to the litigation process. See, e.g., Evans v. Artek Sys. Corp., 715 F.2d 788, 791 (2d Cir. 1983); Concat LP, 350 F. Supp. 2d at 814.

The Local Rules of the United States District Court for the Northern District of Georgia require attorneys appearing before it to comply with the court's specific rules of practice, the Code of Professional Responsibility and Standards of Conduct contained in the State Bar of Georgia's Rules and Regulations, and judicial decisions interpreting these rules and standards. L.R. 83.1(C), NDGa.; Bayshore Ford Truck Sales, Inc. v. Ford Motor Co., 380 F.3d 1331, 1338 (11th Cir. 2004). Under the Geogia Rules of Professional Conduct, the simultaneous representation of parties whose interests in litigation may

4

conflict, such as codefendants in a civil action, constitutes a "waivable" conflict. See GA. RULES OF PROF. CONDUCT R. 1.7 cmt. 7. In such a situation,

> a lawyer may represent a client notwithstanding a significant risk of material and adverse effect if each affected . . . client consents, preferably in writing, to the representation after:
>
> (1) consultation with the lawyer,
>
> (2) having received in writing reasonable and adequate information about the material risks of the representation, and
>
> (3) having been given the opportunity to consult with independent counsel.

Id. R. 1.7(b). Consistent with those authorities which express a general disinclination toward disqualification motions, the Georgia Rules of Professional Conduct provide: "Resolving questions of conflict of interest is primarily the responsibility of the lawyer undertaking the representation." Id. R. 1.7 cmt. 15. "Where the conflict is such as clearly to call into question the fair or efficient administration of justice, opposing counsel may properly raise the question. Such an objection should be viewed with caution, however, for it can be misused as a technique of harassment." Id.

    Defendants' response to Plaintiff's motion clearly states that, after

5

AO 72A
(Rev.8/82)

consideration, counsel has determined that any defenses which may be raised in this action are neither factually nor legally inconsistent, and moreover, that Defendants have given their informed consent to the simultaneous representation.  (See Opp'n to Pl.' Mot. to Disqualify [15].)  While perhaps the submission of an affidavit from each Defendant stating that each has consulted with counsel, been advised of the potential risks of such representation, and been afforded an adequate opportunity to consult with independent counsel would be the better practice, the Court accepts the representations of defense counsel on this point.  Accordingly, the Court declines to disqualify Mr. Crecelius as counsel for Defendants and Plaintiff's Motion to Disqualify Counsel is hereby **DENIED**.

**II.    Motion for Judgment on the Pleadings**

After the pleadings are closed but within such time as not to delay trial, a party may file a motion for judgment on the pleadings. FED. R. CIV. P. 12(c); see Conner v. Tate, 130 F. Supp. 2d 1370, 1373 (N.D. Ga. 2001).  Judgment on the pleadings is appropriate only when no issues of material fact exist, and the movant is entitled to judgment as a matter of law.  Ortega v. Christian, 85 F.3d 1521, 1524 (11th Cir. 1996).  A court considers only the substance of the

6

AO 72A
(Rev.8/82)

pleadings and any judicially noticed facts, and the court accepts the facts as set forth in the pleadings as true and views them in the light most favorable to the nonmoving party. <u>Hawthorne v. Mac Adjustment, Inc.</u>, 140 F.3d 1367, 1370 (11th Cir. 1998).

The Court perceives numerous potential deficiencies in the viability of Plaintiff's claims and, accordingly, declines to enter judgment on the pleadings in his favor.[2] First, with respect to Plaintiff's breach of fiduciary duty claims, Plaintiff contends in his Motion for Judgment on the Pleadings that he is entitled to judgment because Defendants admit that (1) they are fiduciaries; (2) they miscalculated Plaintiff's years in service, and as such, Plaintiff was entitled to receive additional benefits under the plan; and (3) they processed Plaintiff's application to transfer his account funds using the miscalculated figure, thereby denying Plaintiff benefits under the plan to which he was entitled. (Mem. in Supp. of J. on the Pleadings [6-2] at ¶¶ 1-5.) According to Plaintiff, "[r]educing the Plaintiff's retirement account balance and then processing the transfer of the account at the reduced amount is not protecting the Plaintiff's interest, as

---

[2] Defendants do not seek dismissal of Plaintiff's claims, and as such, the Court addresses only whether Plaintiff is entitled to judgment as a matter of law.

7

ERISA's fiduciary duties require. [As such, Defendants] fail[ed] to discharge [their] duties and [are] therefore subject to the relief authorized by ERISA." (Id. at 5.)

Contrary to Plaintiff's position, fiduciary status does not necessarily mean liability under the fiduciary responsibility provisions of ERISA for all mistakes, large and small, in connection with plan administration.  ERISA requires not that fiduciaries perform all of their duties perfectly but, rather, that they perform those duties "with the care, skill, prudence and diligence under the circumstances then prevailing that a prudent man acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of like character and with like aims."  29 U.S.C. § 1104(a)(1)(B).  Thus, Defendants' mere acknowledgment of both fiduciary status and an error in calculating benefits does not necessarily render them liable for breach of fiduciary duty.  Rather, Defendants liability will turn on whether they acted as a prudent fiduciary in like capacity judged under an objective standard.  See GIW Indus., Inc. v. Trevor, Stewart, Burton & Jacobsen, Inc., 895 F.2d 729, 731 (11th Cir. 1990). There is, in short, nothing on the face of the pleadings which would allow the Court to conclude, at this stage of the litigation, that Defendants failed in this

8

regard.

Moreover, Defendants assert that the error was made, not by Defendants, but rather by TrueSource, Inc.–the plan trustee–and that the error was fully corrected after it was brought to Defendants' attention.  A significant number of courts have held that more than a mere clerical error in the preparation of benefit statements or the performance of benefit calculations is required to sustain a breach of fiduciary duty claim.  See, e.g., Fitch v. Chase Manhattan Bank, N.A., 64 F. Supp. 2d 212, 229 (W.D.N.Y. 1999) (preparation and issuance of annual benefit statements not fiduciary activity); Easa v. Florists' Transworld Delivery Ass'n, 5 F. Supp. 2d 522, 529 (E.D. Mich. 1998) (to impose liability on a fiduciary under ERISA for breach of fiduciary duty, fiduciary's conduct must constitute more than clerical error); Gramm v. Bell Atl. Mgmt. Pension Plan, 983 F. Supp. 585, 593 (D.N.J. 1997) (mistake in calculating pension benefit did not constitute wilful misconduct or bad faith sufficient to support breach of fiduciary duty claim); Kuehl v. Chrysler Pension Plan, 895 F. Supp. 1147 (E.D. Wis. 1995) (mistake in calculating years of service for use in calculating estimate of retirement benefits did not support breach of fiduciary duty claim).  Although courts have distinguished cases where an individual acting in a fiduciary capacity

9

authorized, participated in, or knew of the error and failed to correct it, see Adams v. Brink's Co., 372 F. Supp. 2d 854, 905-06 (W.D. Va. 2005) (misrepresentation of monthly benefits by administrative committee which retained discretionary authority over determination of eligibility for, and amount of, benefits under plan can serve as basis for breach of fiduciary duty claim); cf. Christensen v. Qwest Pension Plan, 376 F. Supp. 2d 934, 944 (D. Neb. 2005) (dismissing breach of fiduciary duty claim in absence of evidence that anyone acting in fiduciary capacity authorized, or had knowledge of, benefit calculation error and there was no allegation that the fiduciaries acted in bad faith or deliberately misled plaintiff in dissemination of benefit information), the pleadings do not establish the precise nature of Defendants involvement in the erroneous calculation or whether Defendants' actions in failing to pay benefits to Plaintiff resulted from the failure to act as a prudent fiduciary. Accordingly, Plaintiff's Motion for Judgment on the Pleadings on his breach of fiduciary duty claims is **DENIED**.

Second, with respect to Plaintiff's state law claim, the Court is, for numerous reasons, similarly unpersuaded that Plaintiff is entitled to judgment. In that claim, Plaintiff alleges that Defendants' failure to pay benefits to which he

was entitled under the plan renders them liable in damages pursuant to O.C.G.A. § 51-10-6.[3]  As discussed above, this code section authorizes the recovery of damages by the "owner of personal property" against "any person who willfully damages the owner's personal property or who commits a theft" as defined by Georgia law.  As there is simply nothing in the pleadings to support the conclusion that Defendants' actions in failing to pay sums due under the plan constitute a theft, Plaintiff's motion is due to be denied.

What is more, ERISA supercedes "any and all State laws insofar as they may now or hereafter relate to any employee benefit plan" covered by ERISA. 29 U.S.C. § 1144(a).  The Eleventh Circuit has held that " '[a] party's state law claim 'relates to' an ERISA benefit plan for purposes of ERISA preemption whenever the alleged conduct at issue is intertwined with the refusal to pay benefits.' "  Franklin v. QHG of Gadsden, Inc., 127 F.3d 1024, 1028 (11th Cir. 1997) (quoting Garren v. John Hancock Mut. Life Ins. Co., 114 F.3d 186, 187 (11th Cir. 1997)).  Because Plaintiff's state law claim rests on nothing more than

---

[3] Plaintiff in his motion cites O.C.G.A. § 51-10-1 as the basis for his state law conversion claim and cites cases expounding on claims arising under this code section. This is, of course, not the code section alleged in Plaintiff's Complaint, and as such, cannot serve as the basis for a motion for judgment on the pleadings.

Defendants' failure to pay benefits under the plan, this claim is preempted by ERISA and Plaintiff's motion as it relates to this claim must be **DENIED**.

## Conclusion

For the reasons stated herein, Plaintiff's Motion to Disqualify Counsel Due to Conflict of Interest [12] is hereby **DENIED**; Plaintiff's Motion for Judgment on the Pleadings [6] hereby **DENIED**.

**SO ORDERED** this  8th  day of May, 2006.

_____
RICHARD W. STORY
UNITED STATES DISTRICT JUDGE